UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONTEMPO CARD COMPANY, INC., <br> Plaintiff, <br><br> vs. <br><br> SUPERIOR BINDERY, INC., and REVOLUTIONARY CLINICS II, INC., <br> Defendants. | Civil Action No. 23-11990 |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, CONTEMPO CARD COMPANY, INC ("Contempo"), by and through its undersigned attorneys, brings this Complaint against Defendants, SUPERIOR BINDERY, INC ("Superior") and REVOLUTIONARY CLINICS II, INC ("Rev Clinics"), for infringement of U.S. Patent No. 11,358,763 ("the '763 Patent") under the Patent Act, 35 U.S.C. § 271, *et seq* and alleges as follows:

### THE PARTIES

1. Plaintiff Contempo is a Rhode Island corporation having its principal place of business at 69 Tingley Street, Providence, Rhode Island.

2. Defendant Superior is a Massachusetts corporation having its principal place of business at 1 Federal Drive, Braintree, Massachusetts.

3. On information and belief, Defendant Rev Clinics is a Massachusetts corporation having its principal place of business at 9 Bartlet Street Unit 335 Andover, MA.

### JURISDICTION AND VENUE

4. This is an action for Patent Infringement under the Patent Act, 35 U.S.C. § 271.

5. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338(a).

6. Upon information and belief, Superior is headquartered in and regularly conducts and solicits business in Massachusetts. Specifically, Superior promotes and sells its goods, including the goods at issue here, in Massachusetts. In addition, Superior maintains websites available in Massachusetts that facilitate and/or enable users to purchase the infringing goods from Massachusetts.

7. Upon information and belief, Rev Clinics is headquartered in and regularly conducts and solicits business in Massachusetts. Specifically, Rev Clinics promotes and sells its goods, including the goods at issue here, in Massachusetts. In addition, Rev Clinics maintains websites available in Massachusetts that facilitate and/or enable users to purchase the infringing goods from Massachusetts.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. 1400(b), and because a substantial part of the conduct giving rise to these claims occurred in this District. Upon information and belief, Superior makes, sells, and offers to sell its infringing products in this District, thereby committing acts of patent infringement in this District, maintains a regular place of business in this District, because a substantial part of the events giving rise to Contempo's claims arose in this District, and Superior is subject to the Court's personal jurisdiction in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. 1400(b), and because a substantial part of the conduct giving rise to these claims occurred in this District. Upon information and belief, Rev Clinics makes, sells, and offers to sell its infringing products in this District, thereby committing acts of patent infringement in this District,

maintains a regular place of business in this District, because a substantial part of the events giving rise to Contempo's claims arose in this District, and Rev Clinics is subject to the Court's personal jurisdiction in this District.

## BACKGROUND

10. Contempo is a second-generation family run business founded in 1979, bringing over 40 years of packaging experience and innovative packaging solutions to a number of industries. With the legalization of cannabis in several states, including Massachusetts, Contempo has extended its packaging offerings to include cannabis, and child-resistant cannabis packaging.

11. Contempo is the owner of U.S. Patent No. 11,358,763, entitled "Child Resistant Storage Container" ("the '763 Patent"). A copy of the '763 Patent is attached as **Exhibit A** hereto.

12. Contempo is the owner of all intellectual property ("IP") rights in connection with the novel child resistant storage box invented by Markarian et al. including, without limitation, the patent rights asserted in this Complaint. The innovative, patented child resistant storage box is sold by Contempo under the name Vault Box™.

13. In December of 2018, after viewing a video of Contempo's Vault Box™, representatives of Superior reached out to Contempo stating that they were "impressed" and expressing interest in the Vault Box's innovative design. Representatives specifically wanted to know how Contempo would "handle the patent." On several occasions, Contempo and Superior discussed the possibility of a relationship involving the licensing of the Vault Box™ IP and/or Superior being a domestic contract manufacturer for Contempo.

14. Superior was in the market to find a child resistant box, which was the reason for their conversations with Contempo, both in-person at Superior offices and also at several

cannabis trade shows meetings, when Superior visited Contempo's booth. When no agreement was reached between Superior and Contempo, Superior chose to produce a knock-off version of the Vault Box™, which infringes the '763 Patent, with no compensation to Contempo.

15. Superior was aware that Contempo had a patent pending for the Vault Box™ based upon its communications with Contempo, on marketing material (including the video that Superior team had viewed), and production of boxes in the market including the following marking, "THE VAULT BOX BY CONTEMPO PATENT PENDING," which was specifically written on packaging produced for several Contempo clients including Defendant Rev Clinics.

16. After discussions broke down between Contempo and Superior, Superior began soliciting Contempo's customers, offering for sale and selling its knock-off Vault Box™ design to Contempo's customers, causing Contempo to lose business.

17. Superior also began marketing Contempo's child resistant box design publicly to the market and, upon information and belief, passed their infringing knock-off as their own design. This caused confusion in the marketplace because Contempo was already producing their Vault Box™ product and had "THE VAULT BOX BY CONTEMPO PATENT PENDING" on both production and marketing samples. As a result of Superior's claims, customers were at best, confused, and at worse, believed the Vault Box™ child resistant design was not invented by Contempo, but rather Superior, thus harming Contempo's reputation in the industry. Without knowing who to believe, customers approached by Superior began to purchase Superior's infringing, knock-off version of Contempo's Vault Box™. Further, Defendant Superior filed its own patent application to their knock-off version of the Vault Box™ and marketed "PATENT PENDING" on their boxes in some cases. The patent application filed by Superior was after the filing date of Defendant's Vault Box™ patent application, but

nevertheless included fraudulent claims to the innovative child-resistant locking mechanism claiming that it was invented by Superior.

18. Superior has unfairly entered the market, offering for sale to the Plaintiff's customers and competitors a knock-off child resistant storage container embodying the invention protected under the '763 Patent and infringing at least claims 1, 3, 4, 6, 9, 11 and 15. Screen shots of Defendant's websites promoting such a product are attached as composite **Exhibit B** hereto.

19. One of the customers that was working with Contempo during the relevant time period was Defendant Rev Clinics. Rev Clinics and Contempo had worked together to incorporate Rev Clinics' branding onto the Vault Box™, had provided samples to Rev Clinics with its branding, and Contempo fulfilled purchase orders received from Rev Clinics from December 2018 through September 2020. Upon information and belief, Rev Clinics began working with Superior to replace Contempo as the supplier, with Superior providing Rev Clinics with samples of their knock-off Vault Box™ sometime during 2020. Rev Clinics was aware of Contempo's pending patent but nevertheless, knowingly and unfairly entered the market, offering for sale to its customers several products that are packaged in a knock-off child resistant storage container embodying the invention protected under the '763 Patent. Screen shots of Defendant's websites promoting such a product are attached as composite **Exhibit C** hereto.

20. On October 18, 2022, Superior provided Contempo, via letter from counsel, representation that Superior's knock-off child resistant storage container was no longer being manufactured, attached as **Exhibit D** hereto. On March 28, 2023, Contempo provided Superior, via letter from counsel, notice of the continued sales of the child resistant storage container by Superior and attached an infringement claim chart of claim 1, 3, 4, 6, 9, 11 and 15 of the '763

Patent. The letter advised of the continued infringement of the '763 Patent and demanded that Superior cease and desist from further marketing, sales and/or installation of the Accused Product. A copy of this letter and claim chart is attached as composite **Exhibit E** hereto. A copy of the catalog that continues to advertise and offer for sale Superior's knock-off child resistant storage container under Superior's "Cannibrands," is attached as composite **Exhibit F** hereto.

## COUNT I
## DIRECT PATENT INFRINGEMENT

21. This Count alleges direct Patent Infringement of the '763 Patent against Defendants Superior and Rev Clinics, pursuant to 35 U.S.C. § 271 (a). Plaintiff repeats and realleges Paragraphs 1-20 above.

22. Superior has infringed and is still infringing one or more claims of the '763 Patent by making, using, selling and offering to sell child resistant storage containers embodying the invention protected under the '763 Patent, advertised as a "child resistant box," and will continue to do so unless enjoined by this Court.

23. Rev Clinics has infringed and is still infringing one or more of the claims of the '763 Patent by making, using, selling and offering to sell their products in child resistant storage containers embodying the invention protected under the '763 patent, and will continue to do so unless enjoined by this Court.

24. Superior's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

25. Superior's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing

and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

26. Rev Clinic's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

## COUNT II
## INDUCED PATENT INFRINGEMENT

27. This Count alleges induced Patent Infringement of the '763 Patent against Superior and Rev Clinics, pursuant to 35 U.S.C. § 271 (b). Plaintiff repeats and realleges Paragraphs 1-20 above.

28. Superior and Rev Clinics have induced infringement and continues to induce infringement of the '763 Patent.

**29.** Superior's offer for sale of the accused child resistant box includes a product description that informs and instructs the Defendant's customers of the method, manner and purpose for which the accused infringing device is to be utilized. (*see* Exhibit B.)

30. Superior's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Contempo. These infringing acts have caused, are causing and will continue to cause injury to Contempo, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

31. Rev Clinic's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Contempo. These infringing acts have caused, are causing and will continue to cause injury to Contempo, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

## COUNT III
## CONTRIBUTORY PATENT INFRINGEMENT

32. This Count alleges contributory Patent Infringement of the '959 Patent against Defendant, pursuant to 35 U.S.C. § 271 (c). Plaintiff repeats and realleges Paragraphs 1-20 above.

33. Superior and Rev Clinics have contributorily infringed and continue to contributorily infringe the '763 Patent.

34. Superior's customers, by using Defendant's accused child resistant box, have directly infringed and continue to directly infringe one or more claims of the '763 Patent.

35. Rev Clinic's customers, by using Defendant Superior's accused child resistant box, have directly infringed and continue to directly infringe one or more claims of the '763 Patent.

36. Superior has sold and offered to sell the accused child resistant box for use in practicing the patent as claimed in one or more claims of the '763 Patent and has done so with knowledge that the product in especially made or adapted for use in an infringement of the '763 Patent.

37. Superior's child resistant box is not a staple article of commerce suitable for substantial non-infringing uses.

38. Superior's and Rev Clinic's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Contempo. These infringing acts have caused, are causing and will continue to cause injury to Contempo, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

## DEMAND FOR JURY TRIAL

Contempo requests that all issues in this case be tried to a jury.

WHEREFORE, Contempo prays that this Court:

A. Enter judgment against Defendants for infringement of the '763 Patent and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons acting in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

B. Enter judgment against Defendants for damages arising from the infringement of the '763 Patent, pursuant to 35 U.S.C. § 284;

C. Enter judgment for Contempo for an accounting as to all damages arising from Defendants' infringement of the '763 Patent;

E. Enter judgment that this case is exceptional, and award treble damages, attorney fees and costs incurred in connection therewith, pursuant to 35 U.S.C. § 285; and

F. Enter judgment granting Contempo such other relief as this Court deems appropriate.

Dated: August 29, 2023

Respectfully submitted,
ASPIRO LEGAL, LLC

/s/ Jodi-Ann McLane
Jodi-Ann McLane (BBO 635567)
Kenneth Cohen
(*pro hac* forthcoming)
555 N. Main Street #1296
Providence, Rhode Island 02904
Telephone: (774) 230-1272
E-mail: JodiM@aspirolegal.com
         KenC@aspirolegal.com

**Attorneys for Contempo Card Company, Inc.**